**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Trinidad VASQUEZ–LOPEZ,
Defendant–Appellant.**

No. 03–5944.

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

465

Hilliard H. Hester, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Ronald C. Small, Asst. F.P. Defender, Federal Public Defender's Office, Nashville, TN, for Defendant–Appellant.

Before SILER, DAUGHTREY, and SUTTON, Circuit Judges.

### ORDER

Jose Trinidad Vasquez–Lopez appeals the sentence of imprisonment imposed by the district court upon his guilty plea to illegal entry into the United States as a convicted felon in violation of 8 U.S.C. § 1326 and § 1326(b)(2). The government expressly waives oral argument. Vasquez–Lopez waives oral argument by virtue of not responding to this court's letter requiring him to show cause why oral argument is necessary. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The presentence report prepared in contemplation of sentencing called for the addition of two criminal history points under USSG § 4A1.1(b) based on Vasquez–Lopez's 1997 Tennessee state court conviction for possession with intent to distribute cocaine. Vasquez–Lopez objected to the imposition of the two criminal history points on the ground that there was insufficient evidence to show that he had been represented by counsel at the state proceeding and, therefore, the sentence was not countable under USSG § 4A1.1(b).

The district court heard arguments with respect to Vasquez–Lopez's objection, opined that Vasquez–Lopez's challenge amounted to an inappropriate collateral attack upon a prior conviction that was not authorized by the sentencing guidelines, nonetheless addressed and rejected the merits of Vasquez–Lopez's objection, and sentenced Vasquez–Lopez to eighty-four months of imprisonment.

On appeal, Vasquez–Lopez reasserts the arguments set forth in the district court.

This court reviews a district court's factual findings underlying a sentencing decision for clear error and gives due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States*, 532 U.S. 59, 66, 121 S.Ct. 1276, 149

L.Ed.2d 197 (2001)). The court conducts a de novo review where a matter presents strictly a question of law concerning the application of the guidelines. *See United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir.2002). However, the more fact-bound the application inquiry, the more deferential the standard of review. *See United States v. Jackson–Randolph*, 282 F.3d 369, 389 (6th Cir.2002); *United States v. Humphrey*, 279 F.3d 372, 379 n. 4 (6th Cir.2002).

Upon review, we conclude that the district court properly relied on Vasquez–Lopez's 1997 state court conviction as a basis to enhance his sentence. At sentencing, Vasquez–Lopez argued that there was insufficient evidence to show that he had been represented by counsel at the state proceeding. At sentencing, a criminal defendant may collaterally attack a prior conviction, but only in situations in which that defendant claims the earlier judgment was obtained in violation of the constitutional right to counsel. *Custis v. United States*, 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *United States v. Pluta*, 144 F.3d 968 (6th Cir.1998). In *Custis*, the Supreme Court held that prior state convictions used to enhance a sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(c) may not be collaterally challenged at federal sentencing proceedings. *Custis*, 511 U.S. at 497, 114 S.Ct. 1732. The reasoning in *Custis* dealing with enhancements under the ACCA also applies to enhancements under the sentencing guidelines. *United States v. Bonds*, 48 F.3d 184, 186 (6th Cir.1995). Even in such a situation, however, once the government establishes the existence of a prior conviction, the burden is on the defendant to show that a prior conviction used to calculate his criminal history category is invalid. *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir.1992); *United States v. Boyer*, 931 F.2d 1201, 1204 (7th Cir.1991); *United States v. Dickens*, 879 F.2d 410, 412 (8th Cir.1989).

Vasquez–Lopez failed to meet his burden of showing the invalidity of the challenged conviction. Vasquez–Lopez did not affirmatively claim at sentencing that he was not represented by counsel in the state proceeding, he did not testify on the issue, or present proof on the issue, other than through argument of defense counsel. In contrast, the government presented evidence that Vasquez–Lopez was represented by counsel in the state proceeding. The government submitted a certified copy of the challenged judgment. The judgment reflected that Vasquez–Lopez had been represented by a public defender named "J. Wing." The government presented the text of Tennessee Code § 8–14–206, which requires legal representation for, or a clear waiver of counsel by any criminal defendant prosecuted in Tennessee who faces risk of imprisonment. The government also offered the testimony of a state probation officer who testified regarding the local practice in state court with respect to legal representation of criminal defendants. Testimony that it is the custom and practice of the trial court to follow proper procedures may be sufficient to refute a defendant's claim of procedural infirmities. *See United States v. Dickerson*, 901 F.2d 579, 582 (7th Cir. 1990); *Dickens*, 879 F.2d at 411–12.

Given this evidence, we cannot conclude that the district court erred in calculating Vasquez–Lopez's federal criminal history category.

Consequently, we affirm the judgment entered by the district court.