NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0445n.06

No. 09-5729

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 01, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| TERRY KITCHEN, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | | |

BEFORE:    McKEAGUE and WHITE, Circuit Judges; ZOUHARY, District Judge.[*]

**McKeague, Circuit Judge.**  Terry Kitchen pleaded guilty for his role in a drug conspiracy in Tennessee. The district court sentenced Kitchen to 36 months imprisonment, to be served consecutive to a 180-month prison sentence that Kitchen received for his role in a different drug conspiracy. Kitchen appeals this sentence. Kitchen's counsel filed an *Anders* brief, asserting that the only issues for appeal are meritless, but Kitchen filed a *pro se* brief, raising two additional issues for appeal. One of the issues raised in Kitchen's *pro se* brief—whether Kitchen should have received a criminal-history point for his misdemeanor conviction for defrauding an innkeeper—represents a potential error in calculating the proper Sentencing Guidelines range that

_____

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

should be addressed by the district court. Therefore, we vacate the sentence and remand for limited resentencing on this issue.

## I. Background

Terry Kitchen pleaded guilty to a violation of 21 U.S.C. § 846, for his role in a marijuana-distribution conspiracy in the Memphis, Tennessee area. The parties agreed to the pre-sentence report (PSR) Guidelines calculation of 37–46 months, which reflected a total offense level of 15 and a criminal-history category of V. The PSR detailed Kitchen's numerous prior convictions, including gaming offenses, possession of cocaine, defrauding an innkeeper, possession of marijuana and conspiracy to possess with intent to distribute cocaine. The latter conviction was for Kitchen's conduct in a Mississippi cocaine-distribution conspiracy, which occurred around the same time as the conduct that resulted in the instant conviction. On April 6, 2009, Kitchen received a180-month prison sentence for that conviction. At sentencing in the instant case on June 2, 2009, Kitchen raised several objections, arguing that: 1) the defrauding-an-innkeeper conviction should be excluded from his criminal-history score because he was not represented by counsel and could not appear in court, and 2) the Mississippi drug-conspiracy charge should be excluded from his criminal-history score because it was part of the same conduct as in the instant case. The district court considered and overruled these objections, and after reviewing the sentencing factors pursuant to 18 U.S.C. § 3553(a), the court sentenced Kitchen to 36 months of imprisonment, one month below the Guidelines range. The court then determined that the sentence would run consecutive to Kitchen's sentence for the Mississippi conviction. This appeal followed.

Kitchen's counsel has moved to withdraw and submitted an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he believes that Kitchen has no meritorious issues to present on appeal. Counsel has identified three potential issues for appeal, renewing the two objections raised below, and also suggesting that the district court erred in making the instant sentence run consecutive to the Mississippi sentence. For his part, Kitchen has filed a *pro se* supplemental brief, arguing that: 1) the district court erred in counting the defrauding-an-innkeeper charge because it does not qualify as a misdemeanor than can be counted under U.S.S.G. § 4A1.2(c), and 2) his counsel rendered ineffective assistance. We will address all of these arguments in turn.

## II. Analysis

### A. Ineffective Assistance of Counsel

We first address Kitchen's claim that his counsel rendered ineffective assistance for failing to properly investigate the defrauding-an-innkeeper conviction. "As a general rule, this court will not review claims of ineffective counsel that are raised for the first time on appeal." *United States v. Thomas*, 74 F.3d 701, 715 (6th Cir. 1996) (citation and internal quotation marks omitted). We only consider such claims on direct appeal if the record has been sufficiently developed to allow us to actually evaluate counsel's performance, *id*., and because there is no such record here, we decline to review Kitchen's ineffective assistance of counsel claim.

### B. Sentencing Challenges

We review the sentence imposed by a district court under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we must ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating)

the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. Next, we ensure that the sentence is substantively reasonable. "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (citation omitted).

Here, the Government correctly notes that some of Kitchen's arguments were not raised at sentencing. Accordingly, the Government argues, plain-error review should apply to those arguments. However, plain-error review only applies if the district court asked the parties if they have any further objections to the sentence *after* pronouncing the sentence. *See United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). Here, after sentencing Kitchen, the district court asked Kitchen's counsel: "Anything else, Mr. Irby?" Sent. Tr. at 46. This Court has already held that asking this exact question after sentencing does not satisfy the requirements of *Bostic*. *See United States v. Clark*, 469 F.3d 568, 570–71 (6th Cir. 2006). Thus, plain-error review is inappropriate.

***Counting the Mississippi Drug Conspiracy Conviction***. Kitchen argues that his previous drug-conspiracy conviction should have been excluded from his criminal-history score because the offense was part of the same overall scheme of conduct involved in the instant case. Although, the precise legal ground for this argument is unclear, we nonetheless afford a liberal construction to arguments of *pro se* litigants. *Savoy v. United States*, 604 F.3d 929, 938–39 (6th Cir. 2010). Although Kitchen did not raise this argument to challenge the underlying conviction, presumably

Kitchen contends that counting the Mississippi conviction in his criminal-history score would be akin to punishing him twice for the same effective conduct in violation of the Double Jeopardy Clause of the Constitution. *See United States v. Turner*, 324 F.3d 456, 461 (6th Cir. 2003) (noting that the Double Jeopardy Clause protects "against multiple punishments for the same offense"). The district court, however, found that the two crimes were separate and distinct conspiracies. We agree.

To determine whether there are single or multiple conspiracies for double-jeopardy purposes, we examine the totality of the circumstances by considering five factors:

> 1) time; 2) persons acting as co-conspirators; 3) the statutory offenses charged in the indictments; 4) the overt acts charged by the government or any other description of the offenses charged which indicates the nature and scope of the activity which the government sought to punish in each case; and 5) places where the events alleged as part of the conspiracy took place.

*United States v. Sinito*, 723 F.2d 1250, 1256 (6th Cir. 1983) (citations omitted). "Where several of these factors differ between the conspiracies, the conclusion follows that the alleged conspiracies are separate and distinct offenses." *Id*. at 1256–57. Kitchen has not identified any relevant fact that would suggest that the two conspiracies were the same. Our own review of the record does not reveal any significant similarities between the two crimes: the two conspiracies involved different (although overlapping) time periods, different (although perhaps overlapping) locations, and different types of drugs. PSR at ¶¶ 5–9, 45. Furthermore, Kitchen's counsel conceded that Kitchen was the *only* common defendant in the two conspiracies. Sent. Tr. at 23. Under these facts, there is no basis for finding the conspiracies were related. Thus, we find that the district court properly included the Mississippi drug-conspiracy conviction in Kitchen's criminal-history score.

***Imposition of a Consecutive Sentence.*** Similarly, Kitchen argues that the district court erred by imposing a sentence consecutive to the sentence for the Mississippi drug-conspiracy conviction because the two conspiracy convictions were related. We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion. *United States v. Watford*, 468 F.3d 891, 915 (6th Cir. 2006). If the defendant is already subject to a term of imprisonment that resulted from another offense that is relevant to the conduct in the instant offense—as Kitchen argues—the Guidelines generally recommend that the sentences should run concurrently. U.S.S.G. § 5G1.3(b). However, if the defendant is subject to an undischarged sentence for conduct in a different case, the Guidelines leave the decision up to the sentencing court. *Id*. § 5G1.3(c). In doing so, the district court must consider the § 3553(a) factors. 18 U.S.C. § 3584(b). Furthermore, the Guidelines provide the factors to determine a "reasonable incremental punishment":

> (ii) The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> (iii) The time served on the undischarged sentence and the time likely to be served before release;
> (iv) The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> (v) Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n.3(A).

"A court does not abuse its discretion when it 'makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure the appropriate incremental penalty for the instant offense.'" *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009) (quoting *United States v. Owens*, 159 F.3d 231, 230 (6th Cir. 1998)). "However, this is not unfettered

discretion, and the record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (citation and internal quotation marks omitted). We have held that a district court commits an abuse of discretion where the district court's decision to impose a consecutive sentence does not include a separate discussion of the § 3553(a) factors *and* the decision appears to be "divorced" from the analysis of the § 3553(a) factors that is required before imposing the general sentence. *United States v. Ross*, 375 F. App'x 502, 507 (6th Cir. 2010). But, where a district court imposes a concurrent sentence in conjunction with or immediately following the court's invocation of the § 3553(a) factors, this Court has held that the court did not abuse its discretion because there is no obligation to conduct a separate § 3553(a) analysis. *Berry*, 565 F.3d at 343. As we have noted, requiring the § 3553(a) analysis in that instance would be "repetitious and unwarranted." *Id.*

Here, prior to issuing Kitchen's sentence, the district court conducted a thorough analysis of the § 3553(a) factors, considering, *inter alia*, the seriousness of the crime, the drug problems in the Memphis area, Kitchen's responsibilities to his family, and Kitchen's history of recidivism. Sent. Tr. at 40–43. After sentencing Kitchen to 36 months, the court immediately considered whether the sentence should run consecutive to the Mississippi drug-conspiracy sentence, demonstrating that the decision to impose a consecutive sentence was not divorced from the § 3553(a) analysis. *Id.* at 43. The district court also reiterated that the instant conspiracy was unrelated to the Mississippi drug conspiracy and declined to apply § 5G1.3(b). As we have just explained, the conclusion that the

conspiracies were separate was sound, and thus, the district court properly rejected this argument.

Further, the record shows that the district court also understood its discretion to issue a concurrent

sentence: "The court certainly could consider concurrent, but these are two separate and distinct

matters. . . . And under the guidelines and under the sentencing procedures, it's the court's belief that

a consecutive sentence is appropriate in this case." *Id*. at 43. Thus, the district court sufficiently

explained its rationale for imposing a consecutive sentence. Although the district court's discussion

was brief, there was no abuse of discretion.

***Counting the Mississippi Defrauding an Innkeeper Conviction.*** Kitchen makes two

arguments for excluding his misdemeanor conviction for defrauding an innkeeper from his criminal-

history score. First, Kitchen argues that the conviction should not count because he was

unrepresented by counsel, and unable to appear for the trial because he was incarcerated on a

probation violation. Generally "a defendant in a sentencing proceeding may not collaterally

challenge the use of prior convictions . . . for purposes of criminal history calculation unless the

challenge is based upon an alleged violation of the right to counsel." *United States v. Lalonde*, 509

F.3d 750, 767 (6th Cir. 2007); *see also Custis v. United States*, 511 U.S. 485, 487 (1994). This

exception is narrow, and only applies to the unique constitutional defect of a failure to appoint

counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See United States v. Bonds*, 48

F.3d 184, 186 (6th Cir. 1995); *see also Custis*, 511 U.S. at 496. Otherwise, "it is 'constitutionally

permissible to consider a prior uncounseled misdemeanor conviction' in enhancing a defendant's

criminal history." *United States v. Duckro*, 466 F.3d 438, 448 (6th Cir. 2006) (quoting *Nichols v.*

*United States*, 511 U.S. 738, 748 (1994)). The burden is on Kitchen to show that his prior conviction

is invalid for purposes of calculating his criminal-history category. *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir. 1992).

Kitchen does not claim that he was denied counsel as an indigent defendant, or that he requested and was denied counsel, and he provides no court record regarding this conviction. *See Custis*, 511 U.S. at 496 (creating this narrow exception because the record will generally indicate whether there was a failure to appoint counsel for an indigent defendant). Kitchen testified at sentencing that he was incarcerated and unable to appear in court because of an unrelated probation violation at the time he was convicted, and that he never attempted to hire a lawyer to deal with the case. Sent. Tr. at 14–16. This attempt to collaterally attack the conviction is impermissible and we find that the district court properly rejected this objection.

Second, Kitchen argues—for the first time on appeal in his *pro se* brief—that a misdemeanor conviction for defrauding an innkeeper should be excluded from his criminal-history score under U.S.S.G. § 4A1.2(c). The Government has not addressed this argument. Generally, prior misdemeanor offenses are counted in a defendant's criminal history, although this Guideline lists several offenses that are never counted. However, as to another category of misdemeanor offenses, the Guidelines provide:

> Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are only counted if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>
>> Careless or reckless driving
>> Contempt of court
>> Disorderly conduct or disturbing the peace
>> Driving without a license or with a revoked or suspended license

> False information to a police officer
> Gambling
> Hindering or failure to obey a police officer
> Insufficient funds check
> Leaving the scene of an accident
> Non-support
> Prostitution
> Resisting arrest
> Trespassing.

U.S.S.G. § 4A1.2(c)(1). Defrauding an innkeeper is not among the listed misdemeanor offenses, so it should only be excluded from Kitchen's criminal history score if it is "similar to" one of the listed offenses.

While the Government has established that the conviction exists, Kitchen has the burden of showing that this conviction should be excluded from his criminal-history score under § 4A1.2(c). *United States v. Staples*, 202 F.3d 992, 996 (7th Cir. 2000) ("However, in the matter of exclusions from Guidelines calculations under § 4A1.2(c)(1), the defendant and not the government carries the burden of proof."); *United States v. Martinez-Santos*, 184 F.3d 196, 200 (2d Cir. 1999); *see also United States v. Vasquez-Lopez*, 104 F. App'x 464, 466 (6th Cir. 2004) ("[O]nce the government establishes the existence of a prior conviction, the burden is on the defendant to show that a prior conviction used to calculate his criminal history category is invalid."). The Sentencing Commission adopted Amendment 709, which sought to "resolve a circuit conflict over the manner in which a court should determine whether a non-listed offense is 'similar to' an offense listed." U.S.S.G. app. C, amend. 709 (eff. Nov. 1, 2007).

The Commission adopted the "common sense approach" first articulated by the Fifth Circuit in *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991). *See United States v. Grob*, 625

F.3d 1209, 1213–14 (9th Cir. 2010) (adopting the "common sense" approach after recognizing

Amendment 709's resolution of the circuit split). The Commission rejected the "essential

characteristics" approach that was applied by this Circuit, among others. *See, e.g.*, *United States v.*

*Cole*, 418 F.3d 592, 598 (6th Cir. 2005); *United States v. Ford*, 187 F. App'x 496, 501 (6th Cir.

2006). Because the commentary to the Guidelines is "authoritative," *United States v. Lay*, 583 F.3d

436, 446 (6th Cir. 2009), we take this opportunity to note that the "common sense approach" is now

the proper guide for determining whether a misdemeanor is similar to the listed offenses listed under

§ 4A1.2(c). This approach instructs the court to:

> use a common sense approach that includes consideration of relevant factors such as
> (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the
> perceived seriousness of the offense as indicated by the level of punishment; (iii) the
> elements of the offense; (iv) the level of culpability involved; and (v) the degree to
> which the commission of the offense indicates a likelihood of recurring criminal
> conduct.

U.S.S.G. § 4A1.2 cmt. n.12(A).

The Mississippi statute at issue, titled "Obtaining board and lodging with intent to defraud,"

provides in relevant part:

> (1) Any person who shall . . . obtain food, lodging, money, property or other
> accommodation of a value less than Twenty-five Dollars [at an inn] with intent to
> defraud the owner or keeper thereof, shall, upon conviction, be fined not less than
> [$50.00] and not exceeding [$500.00] or imprisoned in the county jail for a term not
> exceeding one [ ] year, or both; but any person who shall . . . obtain food, lodging,
> money property or other accommodation of value of [$25.00] or over at any [inn],
> with intent to defraud the owner or keeper thereof shall, upon conviction, be fined not
> less than [$100.00] . . . or imprisoned in the State Penitentiary for a term of one [ ]
> year, or both. . . .
>
> (2) No person shall remain in a hotel or motel where his term or stay has expired if
> the person has been given a separate written notice of his agreed departure date . . .

and the person has been given written notice at least three [ ] hours prior to the time required to leave the hotel or motel room. Willful violations of this subsection shall be a misdemeanor punishable by a fine of not more than [$100.00]. . . .

Miss. Code Ann. § 75-73-9. The only relevant fact in the record about this conviction is that Kitchen received a $97.50 fine. That punishment leaves open the possibility that Kitchen was convicted of either Subsection (1)—defrauding an innkeeper of less than $25.00 in value—or Subsection (2)—staying in a room beyond the agreed upon departure time. Subsection (1) of the defrauding-an-innkeeper statute has some similarities to Mississippi's insufficient funds offense, including the level of punishment imposed, elements of the offense, and the level of culpability involved.[1] *See* Miss. Code Ann. §§ 97-19-55, 97-19-67(1)(a). Likewise, Subsection (2) of the defrauding an innkeeper statute has some similarities to Mississippi's criminal trespass statute. *See* Miss. Code Ann. § 97-17-87. Thus, the single point assessed for defrauding an innkeeper may not have been appropriate and, because excluding it would have placed Kitchen in a lower criminal-history category, the Guidelines range may have been improperly calculated. *See Lalonde*, 509 F.3d at 763. Under the unique circumstances of this case, we find it appropriate to return this issue to the district court for consideration in the first instance, where both parties will have the opportunity to fully address this issue and develop a record. We express no opinion as to whether the conviction should have been excluded.

## III. Conclusion

---

[1]We note though, that "'Insufficient funds check,' as used in § 4A1.2(c), does not include any conviction establishing that the defendant used a false name or non-existent account." U.S.S.G. § 4A1.2 cmt. n.12(C).

Accordingly, we vacate the sentence and remand to the district court, for limited resentencing, to determine if the defrauding-an-innkeeper conviction should be excluded from Kitchen's criminal-history score and what impact, if any, that might have on the length of his sentence of imprisonment. Furthermore, because Kitchen has identified a non-frivolous issue, we deny counsel's motion to withdraw.