**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1147n.06

**No. 11-6445**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Nov 05, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| KENNETH BRUCE LEWIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  SUTTON, GRIFFIN and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Defendant Kenneth Lewis appeals the sentences imposed following his guilty-plea convictions of failure to update registration under the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a), and felon in possession of a firearm, 18 U.S.C. § 922(g).  Lewis was sentenced to concurrent terms of 24 months' imprisonment, to be served consecutively to his seven-year state sentence for a probation violation. The court also imposed ten years of supervised release with thirteen additional conditions.  Lewis appeals, claiming procedural error with regard to the imposition of a consecutive sentence, and constitutional and procedural error in connection with the imposition of three of the thirteen additional conditions of his supervised release.  We AFFIRM.

**I.**

A. Facts

On June 3, 1999, Lewis pled guilty of possession of child pornography, Tex. Penal Code Ann. § 43.26, in Texas state court after several images of child pornography were discovered in his home. He was sentenced to ten years' deferred-adjudication probation on July 8, 1999. Lewis was also found guilty of possession of a controlled substance (cocaine) in a related incident. The pornography conviction rendered Lewis statutorily required to register as a Tier I sex offender under SORNA. Lewis promptly registered as a sex offender in Texas. Approximately four years later, Lewis moved to Michigan and registered as a sex offender with the Detroit Police Department.

In June of 2003, a Texas court issued an arrest warrant for Lewis after he failed to comply with conditions of his probation. Lewis remained at large for approximately seven years. In May of 2010, United States Marshals deputies received information regarding Lewis that led to his arrest. U.S. Marshals interviewed Lewis's estranged wife, Diane Deveaux, who told them that Lewis had used at least two alias identities to avoid capture, had undergone cosmetic surgery to alter his appearance, and had resided near an elementary school. Deveaux also provided the marshals with a gun that belonged to Lewis, which Lewis had told her was issued to him during his time as an undercover IRS agent. At no time was Lewis ever employed as an IRS agent.

B. Procedural History

On December 15, 2010, a federal grand jury indicted Lewis on one count of failure to update his registration as required by SORNA, and one count of being a felon in possession of a firearm. Lewis pled guilty to both counts on June 8, 2011 without a plea agreement. Lewis's sentencing

guidelines range was calculated as a combined offense level of 13 (after an acceptance of responsibility reduction) with a criminal history in category III. This placed his guidelines range between 18 and 24 months of incarceration. Lewis's supervised release term under the guidelines was calculated as between five years and life. The government requested an upward variance or departure from the guidelines range.

After hearing arguments, the court imposed a within-guidelines sentence of 24 months' imprisonment on each count, to be served concurrently with each other but consecutively to the seven-year Texas sentence Lewis was serving for his probation violation, and ten years of supervised release as to count one and three years as to count two, to be served concurrently with each other.

**II.**

A. Standard of Review

The parties do not agree on the standard of review. Lewis argues that because the district court did not ask for objections to the sentence in accordance with *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004), the abuse of discretion standard applies; the government contends that because Lewis had ample opportunity to object, the plain-error standard applies.

In *Bostic*, this court articulated a new procedural rule:

> [This rule requires] district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. If the district court fails to provide the parties with this opportunity, they will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal. If a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity to speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal.

*Id.* at 872–73. The preferred approach is for district courts to elicit any objections after announcing the defendant's sentence, but before adjourning the hearing. *Id.* at 872 n.6. The purpose of this rule is threefold: (1) to help the court of appeals ascertain whether a party had an opportunity to make additional objections, (2) to allow the district court to correct any error in the first instance, and (3) to create a more reliable record on appeal. *United States v. Simmons*, 587 F.3d 348, 356–58 (6th Cir. 2009). The *Bostic* rule is not satisfied when a sentencing judge asks a vague or abstract question regarding whether there is "anything else" for the court to decide. *United States v. Bey*, 384 F. App'x. 486, 489 (6th Cir. 2010) (refusing to apply plain-error standard when district court asked defendant whether he had "[a]nything more").

Because the record is ambiguous regarding whether the district court complied with *Bostic*, and the standard of review does not affect the result in this case, we will review the challenged sentence for reasonableness using the abuse-of-discretion standard. In reviewing for reasonableness, this court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentencing court must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

B.  Analysis

1.  Whether the district court committed a procedural error in imposing a federal sentence consecutive to Lewis's state sentence.

District courts generally have discretion to impose a concurrent or consecutive sentence. Section 3584 requires courts to consider the factors set forth in 18 U.S.C. § 3553(a) and the relevant guideline and policy statements when deciding whether to impose a concurrent or consecutive sentence.  18 U.S.C. § 3584.  Section 5G1.3(c) of the sentencing guidelines states that courts may impose a sentence to run concurrently, partially concurrently, or consecutively in order "to achieve a reasonable punishment for the instant offense."  U.S.S.G. § 5G1.3(c).  The commentary to this section explains that in addition to the § 3553(a) factors, courts should consider:

> (ii)  The type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> (iii)  The time served on the undischarged sentence and the time likely to be served before release;
> (iv)  The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> (v)  Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n.3(A).  "A court does not abuse its discretion when it makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure the appropriate incremental penalty for the instant offense."  *United States v. Kitchen*, 428 F. App'x. 593, 597 (6th Cir. 2011) (quoting *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009)).  This court has cautioned, however, that "this is not unfettered discretion, and the record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in its

5

determination of whether to impose a concurrent or consecutive sentence." *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (citation and internal quotation marks omitted). It is not necessary that a district court reference section 5G1.3 by its title, so long as it considers each of the factors contained in the application note. *United States v. Harmon*, 607 F.3d 233, 239 (6th Cir. 2010).

In the instant case, the district court clearly analyzed the § 3553(a) factors. The court addressed the offense conduct by reiterating many of the PSR's undisputed findings. The court also addressed Lewis's personal history, including his history of drug abuse (which the court found to be minor) as well as his educational background. The court further noted that Lewis had served in the Air Force from 1981 to 1984, before receiving an honorable discharge. The court placed particular emphasis on the fact that Lewis had engaged in subterfuge to avoid registering under SORNA, which it found particularly problematic. In addressing the seriousness of the offense and the need to promote respect for the law, the court observed that Lewis's deliberate subterfuge suggested the need for a higher sentence.

When considering the need to protect the public, the court noted that Lewis had never committed a crime of violence. However, the court observed that Lewis's conduct in avoiding SORNA's registration requirements supported a need for a longer period of supervision. After balancing Lewis's positive personal history in the Air Force and strong work history against the subterfuge involved in altering his appearance and the length of time he had avoided registration, the court concluded that a within-guidelines period of imprisonment of 24 months would be adequate to meet the objectives of § 3553(a).

The court addressed the indeterminate length of Lewis's state sentence and engaged in a discussion with defense counsel regarding the fact that it was unclear when Lewis would be paroled from his state sentence. The court noted that it was unlikely that Lewis would serve the full seven years of his Texas sentence, and that he would probably be paroled before then. The court also cited section 5G1.3(c) while imposing the consecutive sentence, thereby reflecting its recognition that it possessed the discretion to impose a concurrent, partially concurrent, or consecutive sentence. Thus, it is clear from the record that the district court adequately considered the § 3553(a) factors, and understood that it possessed the discretion to impose a concurrent sentence.

2. Whether the district court erred in imposing additional conditions of supervised release 3, 4 and 8.

Lewis argues that the district court abused its discretion in imposing the following three conditions on his ten-year period of supervised release:

3. The defendant shall not possess any pornography.
4. The defendant shall not directly or indirectly have any contact with any child under age 18; shall not reside with any child under the age of 18; and shall not loiter near school yards, playgrounds, swimming pools, arcades or other places frequented by children.
8. The defendant shall not possess or use a computer with access to any "on-line service" or other forms of wireless communication at any location (including employment) without the prior approval of the Probation Officer. This includes any Internet Service Provider, bulletin board system or any other public or private network or email system.

When reviewing the imposition of special conditions on supervised release, this court must "determine whether the district court adequately stated in open court at the time of sentencing its rationale for mandating special conditions of supervised release," *United States v. Inman*, 666 F.3d 1001, 1004 (6th Cir. 2012) (per curiam) (internal quotation marks omitted), and "whether the

condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public." *Id.* (internal quotation marks and citations omitted).

a. *The prohibition on the possession of pornography*

Lewis raises several objections to the third additional condition of his supervised release, which prohibits him from possessing "any pornography." First, Lewis argues that the court's reasoning in imposing this condition is unclear and requires "further analysis and explanation" under this court's holding in *Inman*. Next, Lewis contends that this condition is not reasonably related to the factors enumerated in § 3553(a), that it is a greater deprivation of liberty than is necessary, and that it is not consistent with pertinent policy statements issued by the Sentencing Commission. Finally, Lewis argues that a complete ban on the possession of pornography is a content-based restriction on speech that fails strict scrutiny under the First Amendment.

First, Lewis argues that the district court did not adequately explain and analyze why it imposed a ban on the possession of pornography. We disagree. The court imposed the terms of supervised release after a lengthy consideration of the § 3553(a) factors, as detailed above. When Lewis questioned the prohibition, the court explained its reasoning:

> Any means any. You can't have any. Although adult pornography may be legal, but in this case we can forbid it. It's probably—that's precautionary. And I have had people actually come in and say, well, you know, I got all this adult pornography, and then—well, you know, I got some child pornography too, so it is just one of those things where one thing is legal and one thing clearly not legal, and they're attempting—I can even order somebody, for example, not to have any alcohol even though alcohol is legal because they have a problem with alcohol, I can preclude them from having it. You have got a past problem with child pornography, this is

8

> like an ultimate vaccination, it simplifies the supervisory process, and it is actually
> good for you. It may not seem good for you, but it is good for you.

From this explanation, it is clear that the district court found it necessary to keep Lewis away from all pornography because of his previous possession of child pornography. The court expressed a belief that the possession of adult pornography could lead to the inadvertent or intentional possession of child pornography, and that the supervisory process would be simpler if issues of inadvertent possession were removed. A remand for further explanation and analysis is not necessary.

Lewis next argues that the ban on his possession of all pornography violates § 3583(d)(1)–(3). This section allows courts to impose a further condition on supervised release to the extent that the condition is:

> (1) reasonably related to the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission.

18 U.S.C. § 3583(d). Lewis argues that because his offense conduct was related to a gun charge and his failure to register under SORNA, the ban on pornography is not reasonably related to his offense. Lewis further contends that such a ban is not necessary because his original conviction for possession of child pornography occurred in 1999 and he has not possessed any child pornography since that time.

In determining Lewis's sentence, the district court noted numerous times that Lewis avoided the required sex-offender registration, changed his name, and altered his appearance to elude capture. These actions had the effect of undermining the purpose of SORNA, which is to protect the

community at large. Because the violation of SORNA is related to Lewis's initial offense of possession of child pornography, the additional condition barring Lewis from possessing all pornography is reasonably related to the offense conduct. Further, given Lewis's history, the court did not abuse its discretion in concluding that a ban on possession of pornography of any kind was reasonably necessary to insure that Lewis will not re-offend.

Lewis also challenges the ban as a violation of his First Amendment rights. Specifically, he argues that the ban on his possession of pornography is a content-based restriction that cannot survive strict scrutiny. However, this is not the correct standard. As we have noted, "[e]ven individual fundamental rights safeguarded by the United States Constitution may be denied or limited by judicially exacted special conditions of supervised release, as long as those restrictions are 'directly related to advancing the individual's rehabilitation and to protecting the public from recidivism.'" *United States v. Kingsley*, 241 F.3d 828, 839 n.15 (6th Cir. 2001) (quoting *United States v. Ritter*, 118 F.3d 502, 504–05 (6th Cir. 1997)). "Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." *United States v. Knights*, 534 U.S. 112, 119 (2001). The district court reasonably related the supervised release condition prohibiting Lewis from possessing pornography with his offense conduct, the need to protect the public, and Lewis's need for rehabilitation. Thus, the condition does not violate Lewis's rights under the First Amendment.

b. *The prohibition on contact with minors*

Lewis next challenges the fourth additional condition of his supervised release:

4. The defendant shall not directly or indirectly have any contact with any child under age 18; shall not reside with any child under the age of 18; and shall not loiter near school yards, playgrounds, swimming pools, arcades or other places frequented by children.

Lewis argues that the district court did not reasonably relate this condition to his personal history and the § 3553(a) factors as required by § 3583(d). He further contends that the restriction on living with minors violates his fundamental right to marry, procreate, and rear and educate his children.

The same factors and reasons that support the court's imposition of the pornography ban support the no-contact and no-loitering bans. Regarding the prohibition on living with children, "[e]ven individual fundamental rights safeguarded by the United States Constitution may be denied or limited by judicially exacted special conditions of supervised release, as long as those restrictions are 'directly related to advancing the individual's rehabilitation and to protecting the public from recidivism.'" *Kingsley*, 241 F.3d at 839 n.15 (quoting *Ritter*, 118 F.3d at 504–05). Given that Lewis does not have children, the condition that he refrain from living with children is reasonable, especially since he has demonstrated a willingness to go to great lengths to conceal his history of possessing child pornography. Further, the district court indicated its willingness to revisit the condition if circumstances arose where Lewis wanted to have children of his own or marry someone who already had children. The imposition of this condition was not an abuse of the court's discretion.

c. *The restrictions on internet and computer usage*

The final condition Lewis challenges is the restriction of his ability to use a computer:

8. The defendant shall not possess or use a computer with access to any "on-line service" or other forms of wireless communication at any location (including

employment) without the prior approval of the Probation Officer. This includes any Internet Service Provider, bulletin board system or any other public or private network or email system.

Lewis contends both that there is a conflict between the condition as it was imposed orally at the sentencing hearing and the condition as it was written in the judgment, and that the condition is not reasonably related to the section 3553(a) factors.

There is no conflict between the oral and written conditions. Both convey the same message: Computer usage by Lewis is restricted but not banned entirely, and Lewis may use a computer for work purposes so long as he first obtains the approval of his probation officer who may search his computer for pornographic materials. Lewis cites only the very last portion of the court's discussion with him as evidence that the oral condition was less onerous than the written judgment indicated. However, a review of the entire sentencing hearing transcript makes it clear that the district court intended to impose the restriction that the probation officer approve any work-related use of a computer. For this reason, Lewis's argument is without merit.

Finally, we reject Lewis's argument that additional condition number 8 is not reasonably related to the § 3553(a) factors as required by § 3583(d). The court clearly intended the restriction on computer usage to limit Lewis's ability to access pornographic materials (and child pornography in particular) from the internet. The court analyzed and weighed Lewis's history in imposing this condition and we find no abuse of discretion.

Accordingly, we AFFIRM Lewis's sentence.