NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0335n.06

Case No. 18-4145

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jul 03, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| ELIJAH HARDER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GUY, THAPAR, and NALBANDIAN, Circuit Judges.

PER CURIAM. Elijah Harder pled guilty to illegally possessing a firearm. *See* 18 U.S.C. § 922(g)(9). The district court sentenced Harder to a within-Guidelines sentence of 32 months, using a criminal history score that included two of his prior misdemeanor convictions. Harder appeals, contending that he did not have counsel for those prior convictions, and thus the district court should not have considered them. In reviewing a criminal history score calculation, we review the district court's legal conclusions de novo and its factual findings for clear error. *See United States v. Taylor*, 648 F.3d 417, 431 (6th Cir. 2011).

Under the Guidelines, a district court calculates a criminal history score using a defendant's prior convictions, including certain misdemeanors. U.S. Sentencing Guidelines Manual § 4A1.2 (U.S. Sentencing Comm'n 2018). But if the defendant shows that a prior misdemeanor conviction

was "obtained when counsel ha[d] not been available or provided, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963)," then that conviction cannot count towards his criminal history score. *United States v. Bonds*, 48 F.3d 184, 186 (6th Cir. 1995) (citing *Custis v. United States*, 511 U.S. 485 (1994)); *see also United States v. Kitchen*, 428 F. App'x 593, 598 (6th Cir. 2011) (stating that this rule "is narrow, and only applies to [*Gideon*'s] unique constitutional defect"). The burden rests on the defendant to prove a *Gideon* violation occurred because not every uncounseled conviction is unconstitutional—for example, a defendant may validly waive his right to counsel. *Burgett v. Texas*, 389 U.S. 109, 261 (1967). When a defendant does not meet his burden, a district court may usually consider that prior uncounseled misdemeanor conviction. *See Nichols v. United States*, 511 U.S. 738, 748 (1994); *United States v. Duckro*, 466 F.3d 438, 448 (6th Cir. 2006).

The district court did not err in considering Harder's prior uncounseled misdemeanor convictions. While Harder argues that his prior convictions violated *Gideon*, Harder failed to make such a showing before the district court. He did not testify. In fact, he did not enter any proof in the record on this issue at all. *Cf. Kitchen*, 428 F. App'x at 598. Instead, his counsel made a single statement that Harder had been "advised of his rights" during those prior conviction proceedings but said he had "no further information that [the convictions] were counseled." R. 35, Pg. ID 152–53. That is not enough. *See Duckro*, 466 F.3d at 448; *see also United States v. Vasquez-Lopez*, 104 F. App'x 464, 466 (6th Cir. 2004) (order) (denying appeal when defendant "did not affirmatively claim at sentencing that he was not represented by counsel in the state proceeding, he did not testify on the issue, or present proof on the issue, . . . [and] the government presented evidence that [he] was represented by counsel").

Harder argues that he did not have the burden to show his convictions were unconstitutional; rather, the *government* had to show that they were *constitutional*. Citing *Iowa v. Tovar*, 541 U.S. 77 (2004), he claims that state law—in this case Ohio law—determines who bears the burden, and Ohio law puts the burden on the government. But *Tovar* was not a federal sentencing case. It involved an Iowa defendant collaterally attacking an Iowa sentence for an Iowa conviction. *Id.* at 85. So, naturally, the Supreme Court cited Iowa law for the relevant burden of proof. *Id.* at 92. In contrast, Harder is a federal defendant in federal court receiving a federal sentence. In these circumstances, this circuit (and others) have clearly placed the burden on the defendant to show that the prior state conviction was obtained in violation of *Gideon*. *United States v. Jackson*, 627 F. App'x 460, 464 (6th Cir. 2015); *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir. 1992); *cf. United States v. Martinez-Cruz*, 736 F.3d 999, 1007–08 (D.C. Cir. 2013) (Kavanaugh, J., dissenting); *United States v. Wilkinson*, 926 F.2d 22, 28 (1st Cir. 1991) (Breyer, C.J.) ("Practically speaking, it is the defendant, not the probation officer or the Government, who will know any particular [constitutional] defect-related details about any particular prior conviction."), *abrogated on other grounds by Bailey v. United States*, 516 U.S. 137 (1995). Harder has offered no reason why those precedents should be reconsidered today.

We affirm.