NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0536n.06

Case No. 25-5355

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 20, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| CHASE ALLEN BARNETT, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: MOORE, THAPAR, and RITZ, Circuit Judges.

**RITZ, Circuit Judge**. Chase Barnett pled guilty to federal drug offenses. At the time, Barnett was already serving sentences for earlier convictions in Kentucky and Indiana. The district court sentenced him to a below-guidelines term of imprisonment but set it to run consecutively to his undischarged state sentences. Barnett appealed. He argues that the district court inadequately explained its reasons for imposing a consecutive, rather than concurrent, federal sentence. But the district court sufficiently intertwined its discussion of the relevant sentencing factors with its decision to impose a consecutive sentence. We affirm.

**BACKGROUND**

I.      **Facts**

After Barnett sold methamphetamine and fentanyl to a confidential informant in February 2023, federal authorities charged him with drug crimes under 21 U.S.C. § 841(a)(1). When Barnett committed these crimes, he faced potential sentences in Kentucky and Indiana for violating parole

or probation, stemming from prior felony drug and firearm convictions. Indeed, by the time of his federal indictment, Kentucky had revoked Barnett's parole and Indiana had revoked his probation, filing warrants against him. In Kentucky, Barnett's parole revocation and new state offenses subjected him to a custodial sentence set to run until at least 2032.

## II.    Procedural history

Barnett pled guilty to all four counts of the federal indictment without a plea agreement. The probation officer recommended a United States Sentencing Guidelines range of 262 to 327 months' incarceration to run consecutively to any sentence imposed in Barnett's Kentucky and Indiana cases.

At sentencing, the district court engaged the parties in a detailed colloquy about Barnett's difficult life, his health problems, and the public policy considerations coloring his criminal history. The court heard from the government about Barnett's pattern of criminal activity and from Barnett about his distressing upbringing and life-threatening illnesses. Barnett requested a significant downward variance from the advisory guidelines range and asked the court to run his federal sentence concurrently with his undischarged state sentences.

In response, the district court emphasized the "seriousness" of Barnett's continued drug activity, characterized by "escalating disturbing behavior." RE 40, Sent. Tr., PageID 173. The court recognized that Barnett's actions "create[d] a risk to the public" because drugs like fentanyl "are killing people like flies." *Id.* at 174. But the court also acknowledged the difficulty of "formulat[ing] a sentence that is not greater than necessary to achieve the sentencing objectives" while also providing Barnett "much-needed" mental health and drug addiction treatment in custody. *Id.* The court shared its "sad[ness] that any . . . young person" had to endure Barnett's disturbing past, which involved childhood sexual abuse and domestic violence. *Id.* at 173-74.

Ultimately, noting that "justice should be tempered with some mercy," the district court imposed a sentence of 200 months of imprisonment on each federal count, to run concurrently with each other but consecutively to any sentence imposed by Kentucky or Indiana in Barnett's state criminal cases. *Id.* at 174-75. Barnett's 200-month federal sentence was more than five years below the low end of the guidelines range, and more than ten years lower than the government's requested term of 327 months.

Barnett appealed his sentence. He argues that the district court committed reversible error when it "imposed a consecutive sentence without adequate explanation." CA6 R. 24, Appellant Br., at 14.

**ANALYSIS**

**I.      Standard of review**

Although we usually review a district court's sentence for abuse of discretion, *see United States v. King*, 914 F.3d 1021, 1024 (6th Cir. 2019), Barnett failed to object to his consecutive sentence before the district court. As both parties acknowledge, we therefore review for plain error. *United States v. Brown*, 131 F.4th 337, 349 (6th Cir. 2025). To demonstrate plain error, Barnett must show "(1) error (2) that was obvious or clear, (3) that affected [Barnett's] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (citing *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)).

**II.      Adequate explanation**

We review a district court's sentence for procedural and substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015). But we also recognize that a "challenge to a court's decision to impose a

consecutive or a concurrent sentence is not easily classified as 'substantive' or 'procedural,'" because "an evaluation of the substantive reasonableness of a decision to impose a consecutive sentence depends heavily upon an evaluation of the procedural reasonableness." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). Regardless, "a consecutive sentence is unreasonable if the district court fails to adequately explain why the sentence is consecutive." *United States v. Perez-Rios*, 846 F. App'x 371, 372 (6th Cir. 2021) (citing *United States v. Cochrane*, 702 F.3d 334, 344 (6th Cir. 2012), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015)).

When a district court imposes a sentence on a defendant who has an undischarged state sentence, the court has discretion to "order the federal sentence to run concurrently, partially concurrently, or consecutively to the state sentence," so long as the court considers the factors listed in 18 U.S.C. § 3553(a) and any relevant policies from the sentencing guidelines. *Perez-Rios*, 846 F. App'x at 372; *see* 18 U.S.C. § 3584(a); U.S.S.G. §5G1.3(d). And as Barnett concedes, the commentary to §5G1.3(d) of the guidelines advises that when, as here, a defendant is subject to "undischarged terms of imprisonment resulting from revocations of probation [or] parole . . . the sentence for the instant offense [should] be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. §5G1.3(d) cmt. n.4(C) (citation modified). In other words, the guidelines counseled the district court to impose Barnett's federal sentence consecutively to his state terms.

Despite this, the district court still had to "indicate on the record its rationale [for the sentence imposed], either expressly or by reference to a discussion of relevant considerations contained elsewhere." *Cochrane*, 702 F.3d at 346. But adequate explanation of a sentence does not require magic words. "There is no requirement that the district court state a specific reason for

a consecutive sentence." *United States v. Johnson*, 640 F.3d 195, 208-09 (6th Cir. 2011) (citation modified).

Here, the district court made "generally clear" its reasons for running Barnett's federal sentence consecutively to his state sentence. *Id.* at 209 (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)). After hearing extensively from both parties about Barnett's criminal history and his traumatic upbringing, the district court fully, albeit quickly, reviewed the § 3553(a) factors. The court discussed the need to provide Barnett with addiction treatment and "temper[]" justice "with some mercy" while also formulating a sentence that took seriously his increasingly dangerous drug activity. RE 40, Sent. Tr., PageID 174. The court, equipped with a guidelines policy advising a consecutive sentence, sentenced Barnett to a term below the low end of the guidelines range, and then "hastened to add" that the federal sentence would run consecutively to any state sentence. *Brown*, 131 F.4th at 349 n.4. The decision to run Barnett's sentence consecutive to his undischarged state sentences was a logical extension of the court's decision to vary downwards considerably from the recommended range, both to show Barnett "mercy" and to properly consider the weight of his state and federal crimes.

And although the court intertwined its § 3553(a) evaluation with its decision to make Barnett's sentence consecutive, district courts "need not . . . conduct a separate Section 3553(a) analysis for the concurrent or consecutive nature of the sentence." *United States v. Miller*, Nos. 23-5270/5436, 2025 WL 459648, at \*13 (6th Cir. Feb. 11, 2025) (quoting *Berry*, 565 F.3d at 343). A district court does not plainly err when it imposes a consecutive sentence "in conjunction with or immediately following the court's invocation of the § 3553(a) factors." *United States v. Kitchen*, 428 F. App'x 593, 597 (6th Cir. 2011)). That is what happened here.

## CONCLUSION

For these reasons, we affirm the sentence imposed by the district court.