**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0230n.06
Filed: March 31, 2006

**No. 04-1707**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JASON EDWARD FRANKOVICH, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and GILMAN, Circuit Judges, and RUSSELL,[*] District Judge.

PER CURIAM. The defendant, Jason Frankovich, pleaded guilty to a charge of conspiracy to manufacture more than 100 marijuana plants. He now appeals the 60-month prison term imposed upon him for that offense, alleging that the district court improperly increased his criminal history category by including in its sentencing determination under the guidelines a juvenile conviction for "open intoxicants in motor vehicle – passenger." We find no reversible error in the calculation of the defendant's sentence, and we therefore affirm the judgment of the district court.

---

[*]The Hon. Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

At his guilty plea hearing, the defendant admitted – in his own words – that he "knowingly and intentionally conspired with Brian Lee Casey to manufacture more than 140 marijuana plants in the Hiawatha National Forest on or about March of 2003; and in around September of 2003, in the fall time, was apprehended for doing so." In exchange for the government's promise to dismiss two other charges lodged against him, Frankovich entered a plea of guilty to a charge of conspiracy to manufacture more than 100 marijuana plants and agreed to waive "the right to appeal any sentence which is at or below the maximum of the guidelines range as determined by the Court."

The United States Probation Office conducted a presentence investigation of Frankovich and recommended, in light of the defendant's prior criminal record, that he be sentenced under the then-mandatory United States Sentencing Guidelines as an offense level 17, criminal history category III offender. The defendant would thus presumptively have been subject to a prison sentence of between 30-37 months. Because 21 U.S.C. §841(b)(1)(B)(vii) imposes a mandatory minimum sentence of five years for a drug law violation involving "100 or more marijuana plants regardless of weight," however, the probation officer recommended a 60-month prison sentence for Frankovich. The prosecution lodged an objection to Frankovich's criminal history category, asserting that the probation office should also have added an additional criminal history point to its calculation because of the defendant's juvenile conviction in Michigan state court for possessing an open container of an intoxicant while a passenger in a motor vehicle. The district court agreed with the government's position and determined that the additional

criminal history point would subject the defendant to sentencing as a criminal history category IV offender, rather than as a criminal history III offender. Although such a designation would ordinarily result in a prison sentence of 37-46 months, the mandatory minimum sentence provisions of 21 U.S.C. § 841(b)(1)(B)(vii) nevertheless required the district court to sentence the defendant to 60 months' incarceration.

On appeal, both the government and the defendant agree that the waiver contained in the plea agreement they executed does not prevent the defendant from contesting the imposition of the additional criminal history point to the criminal history category calculation, given explicit language in the agreement permitting Frankovich to appeal any sentence imposed *above* the applicable guideline range. Because the defendant's 60-month sentence exceeded even the high end of the 37-46-month range found appropriate under the guidelines by the district court, the terms of the plea agreement do not foreclose this appeal.

We nevertheless conclude that the question presented on appeal raises an issue that Federal Rule of Criminal Procedure 52(a) renders moot. That rule provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." As noted earlier, the applicable federal statute – 21 U.S.C. § 841(b)(1)(B)(vii) – imposes a mandatory minimum sentence of 60 months upon an individual convicted of the offense to which Frankovich pleaded guilty. Consequently, whether the district court considered the defendant to be a category III offender subject to a range of 30-37 months

or a category IV offender subject to a range of 37-46 months is irrelevant. Under the facts of this case, the district judge was bound by statute to impose a sentence no lower than the 60-month sentence he ultimately imposed. Frankovich has thus failed to establish any prejudice from the alleged error.[1]

Because the sentencing error alleged by Frankovich could not have affected his sentence, he is not entitled to relief. We therefore AFFIRM the judgment of the district court in its entirety.

---

[1]Frankovich has submitted to the court a citation to supplemental authority in accordance with the provisions of Rule 28(j) of the Federal Rules of Appellate Procedure. In that submission, he directs our attention to the decision in *United States v. Cole*, 418 F.3d 592 (6th Cir. 2005), and suggests that *Cole* mandates that we find the challenged conviction for possessing an open container of an intoxicant to be "similar" to a juvenile status offense that is never counted in determining a defendant's criminal history category score. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(c)(2). *Cole*, however, involved the offense of possession of alcohol by a minor; in such a case, we held that it was only the age of the defendant that converted an otherwise lawful act into a crime. Consequently, the offense was properly considered a "juvenile status offense." By contrast, Michigan's prohibition on the possession of open containers of intoxicants by either the operator or occupant of a motor vehicle applies to all individuals regardless of age. *See* M.C.L.A. § 257.624a(1). *Cole* is thus inapposite to the issue presented by Frankovich.

The defendant also asserts, without citation, in his Rule 28(j) letter that "[t]he addition of one point by the district court is res judicata in any future sentencing. For this reason, the issue [of] Mr. Frankovich's sentence calculation is not moot . . . ." But, in any subsequent federal prosecution of the defendant for an additional crime, he may challenge any aspect of the presentence report prepared for that case that he deems subject to legitimate dispute.