**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0784n.06

**No. 10-5358**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Jul 20, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANTHONY KENNEDY, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: CLAY and SUTTON, Circuit Judges; RICE, District Judge.[*]

SUTTON, Circuit Judge. Anthony Kennedy pled guilty after being misinformed about the maximum sentence for which he was eligible. Because Kennedy does not claim he would have proceeded to trial but for the error and does not even make such a claim now, we reject this challenge to his plea as well as two other challenges to his sentence.

I.

A federal grand jury charged Anthony Kennedy and eight other people in connection with a conspiracy to produce and transfer false identification documents and counterfeit securities. Kennedy pled guilty to the charges. The plea agreement recited the parties' understanding that the maximum prison term for the conspiracy charge was five years and the maximum term for the

---

[*]The Honorable Walter H. Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

underlying substantive offense (a violation of 18 U.S.C. § 1028(a)(3)) was fifteen years. At Kennedy's plea hearing, the judge told him the same thing. Proceeding on this understanding, Kennedy pled guilty.

At Kennedy's sentencing hearing, the district court announced Kennedy's below-guidelines sentence *before* giving Kennedy an opportunity to speak or present mitigation material, which is inconsistent with Criminal Rule 32. *See* Fed. R. Crim. Pro. 32(i)(4)(A)(ii). Recognizing his mistake, the district court gave Kennedy an opportunity to address the court before adjourning the hearing. Kennedy told the court that it had been "more than fair with the sentence that [it had] imposed. That's better than I could have asked for." Rather than challenge his sentence, Kennedy explained that he wanted to clarify some of the facts recounted in the Pre-Sentence Report. The judge listened and incorporated at least some of Kennedy's statements into the record but did not change the sentence.

## II.

Kennedy first challenges the voluntariness of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 747 n.4 (1970). He did not raise this challenge in the district court and concedes we may undo the plea only if plain error occurred. *See United States v. Vonn*, 535 U.S. 55, 73–74 (2002); Br. at 22. That requires Kennedy to establish (1) an error (2) that was "obvious or clear" and (3) "affected [his] substantial rights." *United States v. Houston*, 529 F.3d 743, 750 (6th Cir. 2008).

Even an error that meets these requirements does not warrant relief unless it undermines "the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Kennedy satisfies the first two prongs. The parties agree that they were mutually mistaken about the maximum sentence for a § 1028(a)(3) violation, and clearly so. So do we: the correct maximum is five years, not fifteen. *See* 18 U.S.C. § 1028(b)(2)(B).

Kennedy comes up short in meeting the third requirement, establishing the error affected his substantial rights. In the context of a voluntariness challenge, the defendant must show that, "but for the error, [he] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The key problem is that, while Kennedy claims to want to withdraw his plea, he fails to maintain that he would not have pled guilty in the first place or even that he would not plead guilty today if we remanded the case to the district court. By definition, that means Kennedy cannot show the error made a difference to him. *See id.* at 84–85.

Kennedy separately raises two challenges to his sentence. The government insists the first challenge—over whether the district court correctly calculated Kennedy's guidelines range—is barred by the plea agreement, which waives any right to appeal a within- or below-guidelines sentence like this one. But, as shown, there is reason to worry that this plea was not knowingly entered. *See United States v. Swanberg*, 370 F.3d 662, 625 (6th Cir. 2004). We need not resolve the point, however, because even if Kennedy retains the right to assert these challenges, they fail on

the merits. *See United States v. Caruthers*, 458 F.3d 459, 472 n.6 (6th Cir. 2006) (holding that appeal waivers do not deprive the court of subject matter jurisdiction).

The district court correctly calculated Kennedy's guidelines range. Kennedy's prior convictions for possession of marijuana and burglary tools do not fall within U.S.S.G. § 4A1.2(c)'s list of excludable petty offenses. Nor are they similar to any of the offenses listed there. The district court properly considered those convictions in calculating his criminal history. Kennedy also argues that the district court erred in assigning him three criminal history points in connection with a state-law forgery conviction arising out of the same conduct at issue here. Yet the district court did not assign him the criminal history points to which he objects. Although the points were originally included in his Pre-Sentence Report, the probation officer removed the proposed points after Kennedy objected to them in his sentencing memorandum. *See* R. 442 at 8–9, PageID 2149–50; PSR at 20 (assigning no points in connection with challenged forgery conviction).

Kennedy's next challenge to the sentencing hearing—that the district court failed to invite Kennedy to speak before it announced his sentence—was harmless. Fed. R. Crim. Pro. 52. The court promptly recognized the error and gave him a chance to address the court before the hearing ended, even accommodating Kennedy's request to modify the Pre-Sentence Report. Kennedy acknowledged that the sentence was "better than I could have asked for," torpedoing any claim that he would have received a lower sentence had he been allowed to speak first. R. 477 at 62, PageID 2779.

III.

For these reasons, we affirm.