NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0473n.06

No. 22-2110

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Nov 14, 2023
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| DESHAY MALORY, | ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |
| | ) | |

Before: CLAY, KETHLEDGE, and MATHIS, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Deshay Malory pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to a within-Guidelines sentence of 120 months' incarceration. On appeal, Malory challenges the inclusion of two points in his criminal history score assessed for prior convictions under Michigan's marijuana possession statute. He argues that these prior convictions are "similar to" listed offenses under § 4A1.2(c)(2) of the Sentencing Guidelines, which directs district courts to exclude certain minor misdemeanor offenses from a defendant's criminal history score. Malory also challenges the substantive reasonableness of his sentence. For the reasons that follow, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

On April 4, 2022, Malory, a convicted felon, fired a single shot towards a car containing two adults and two children. Although the shot struck the front passenger door of the vehicle, no

one was injured. The driver of the vehicle at which Malory shot knew Malory and identified him to the officers who came to the scene. When later arrested by local law enforcement for this incident, Malory was in possession of a gun.

On June 28, 2022, a grand jury indicted Malory for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 18, 2022, Malory pleaded guilty without a written plea agreement to this single charge. Following a magistrate judge's report and recommendation, the district court accepted Malory's guilty plea on September 6, 2022. The probation office calculated the offense level as 27 and Malory's criminal history category as V, based on a criminal history score of 11. Malory objected to the probation office's application of three criminal history points based on three prior criminal convictions. He argued that the district court should have applied § 4A1.2(c) of the Guidelines, which provides that certain prior misdemeanor convictions should not count towards a defendant's criminal history score. Specifically, § 4A1.2(c)(1) directs the district court to exclude certain listed prior misdemeanor offenses "and offenses similar to them" from the criminal history score unless "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." Section 4A1.2(c)(2) directs the district court to "never count[]" a number of listed prior misdemeanor offenses "and offenses similar to them," regardless of the length of a sentence.

First, Malory objected to the scoring of one criminal history point for his prior conviction of driving with a suspended license because this additional point "overstat[ed] his criminal history under the circumstances." Presentence Report ("PSR"), R. 28, Page ID #114. Although § 4A1.2(c)(1) directs district courts to exclude a prior sentence for driving with a suspended license when a sentence of imprisonment is less than 30 days, Malory was sentenced to 30 days'

imprisonment for this prior offense. The district court overruled this objection, and Malory does not challenge this ruling on appeal.[1]

Second, Malory objected to the two points added to his criminal history score because of two prior Michigan convictions for possession of marijuana. He argued that the possession offenses were similar to other misdemeanor offenses listed in U.S.S.G. § 4A1.1(c)(1), emphasizing that possessing the amount of marijuana for which he was convicted is no longer criminalized in Michigan, and that the "[p]ublic attitude towards marijuana has dramatically changed in recent years." PSR, R. 28, Page ID #116. Although Malory acknowledged that the Sixth Circuit has previously held that convictions under other states' marijuana possession statutes are not similar to the offenses enumerated in § 4A1.1(c), he urged the district court to decline to follow these largely unpublished decisions that involved other states' marijuana possession statutes. The district court overruled this objection as well, finding that Malory's prior marijuana offenses were not similar to the enumerated offenses in both § 4A1.2(c)(1) and (c)(2).

The district court sentenced Malory to 120 months' imprisonment, based on a Guidelines range of 120 to 150 months and a statutory maximum of 120 months. Malory's timely appeal followed.

## II. DISCUSSION

### A. Issue Preservation

Before addressing the standard of review, we must first determine whether Malory preserved an objection to his Guidelines calculations under § 4A1.2(c)(2), the only provision of the Guidelines he argues is applicable on appeal. To sufficiently preserve an issue for review, a

---

[1] Malory does challenge the district court's consideration of this offense in his sentencing as a part of his substantive reasonableness challenge.

party must object "with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection." *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) (quoting *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980)). This requirement ensures that the district court has "an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *Id.*

The government disputes whether Malory properly preserved his objection under § 4A1.2(c)(2) because it argues that Malory only objected on the basis of § 4A1.2(c)(1) in his sentencing memorandum. The government is correct that Malory primarily argued that the two possession offenses were similar to the enumerated offenses in § 4A1.2(c)(1), rather than (c)(2); however, he did not ignore § 4A1.2(c)(2) entirely. To the contrary, he acknowledged that the "Sixth Circuit has previously held that a marijuana possession offense is not similar to offenses enumerated in § 4A1.2(c)(2)," and urged the district court to decline to follow the cases he cited as they were unpublished and, according to Malory, did "not consider the latest developments" in public opinion towards marijuana offenses. PSR, R. 28, Page ID #116; Def. Sentencing Memo., R. 29, Page ID #123.

More importantly, the district court appeared to view Malory's objections as encompassing both provisions of the Guidelines, as it explicitly considered whether § 4A1.2(c)(2) applied to Malory's prior convictions for marijuana possession. At the sentencing hearing, the government summarized the district court's ruling as to the prior possession convictions by stating "it's my understanding that the Court's ruling is that neither of these offenses falls under subsection (c)(1) or (c)(2), and, therefore, they are counted," to which the district court replied, ". . . that is right." Sentencing Hr'g Tr., R. 38, Page ID #173. Because the district court clearly considered Malory's objections as challenging the inclusion of the prior offenses under both § 4A1.2(c)(1) and (c)(2),

it had an opportunity to fully consider the arguments under both Guidelines provisions. Thus, Malory preserved this issue for appeal.

## B. Standard of Review

Malory challenges both the procedural and substantive reasonableness of his sentence. A defendant's challenge to a Guidelines calculation is a challenge to the procedural reasonableness of his sentence. *United States v. Gates*, 48 F.4th 463, 469 (6th Cir. 2022). When the issues have been preserved for appellate review, as here, "[w]e review a district court's legal conclusions regarding the Sentencing Guidelines *de novo*," and "[w]e review [*de novo*] a district court's criminal history calculation." *United States v. Sexton*, 894 F.3d 787, 793 (6th Cir. 2018) (citations omitted). A defendant is not required to object to the substantive reasonableness of his sentence to preserve this challenge for appeal. *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009) (citing *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008)). We review whether a sentence was substantively reasonable for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 (2007).

## C. Analysis

### 1. Including Prior Marijuana Offenses in Malory's Criminal History Score

To determine a defendant's criminal history score, courts consider each of a defendant's "prior sentence[s]," including sentences for all felony offenses and all misdemeanor offenses unless subject to the exclusions found in § 4A1.2(c), or other provisions of the Guidelines not relevant to this case. U.S.S.G. §§ 4A1.1–4A1.2. Malory bears the burden of proof to show that these misdemeanor convictions should be excluded. *United States v. Kitchen*, 428 F. App'x 593, 599 (6th Cir. 2011).

On appeal, Malory argues only that his prior convictions for marijuana possession should not have been counted under § 4A1.2(c)(2), which directs the district court to always exclude sentences for the following offenses "and offenses similar to them," regardless of the length of the sentence imposed:

Fish and game violations

Hitchhiking

Juvenile status offenses and truancy

Local ordinance violations (except those violations that are also violations under state criminal law)

Loitering

Minor traffic infractions (e.g., speeding)

Public intoxication

Vagrancy.

U.S.S.G. § 4A1.2(c)(2).

As possession of marijuana is not listed in § 4A1.2(c)(2), Malory contends that his prior convictions for marijuana possession are "similar to" the offenses listed in this provision. Malory identifies no similar offense expressly listed in § 4A1.2(c)(2) that is comparable to possession of marijuana. Instead, he argues that the offense is similar to a minor in possession of alcohol ("MIP"), which this Court has previously held was similar to a "[j]uvenile status" offense, and, accordingly, could not be counted towards a defendant's criminal history score under § 4A1.2(c)(2). *United States v. Cole*, 418 F.3d 592, 599–600 (6th Cir. 2005).[2] In *Cole*, this Court

---

[2] In *Cole*, this Court implemented a different approach to determine what constituted a "similar" offense. This approach compared the similarities of the activities underlying the offenses and did not consider factors such as the level of culpability involved in the non-enumerated offense, or whether this offense indicated a likelihood of recidivism, *Cole*, 418 F.3d at 595–98; however, the Sentencing Commission rejected this approach by explicitly adopting the "common sense" test used by other circuits at the time. *See Kitchen*, 428 F. App'x at 599. Despite this different approach, the Court did consider some of the Commentary's listed factors, and, accordingly, *Cole*'s reasoning is still relevant to Malory's arguments.

defined a juvenile status offense as one "which is illegal only because of the offender's age (under eighteen) and which is not serious." *Id.* at 599. Looking to the Michigan MIP statute, the Court found that the statute similarly criminalized behavior "only because of the offender's age (under twenty-one)" and found that it was not a "'serious' offense" because a sentence of imprisonment would only be available for the offense if the offender subsequently disobeyed the court of conviction's orders relating to probation, community service, treatment, or payment of a fine. *Id.* at 599–600 & n.4. At base, the Court found that the "crux" of the similarity between the two offenses was that they both criminalized behaviors based on the age of the offender. *Id.* at 600.

Malory's failure to analogize his prior marijuana possession offenses to any enumerated offenses under § 4A1.2(c)(2) poses a problem. The Guidelines do not direct district courts to exclude offenses two steps removed from the enumerated offenses. Instead, they provide that offenses "similar to" those *listed* in § 4A1.2(c)(2) should be excluded. Moreover, the "crux" of this Court's decision in *Cole* was that the Michigan MIP statute was excludable because it criminalized behavior due to an offender's age, linking it to a juvenile status offense. 418 F.3d at 600. Malory does not, and cannot, argue that his prior marijuana possession offenses have any connection to a juvenile status offense because, at the time of his prior convictions, Michigan law criminalized possession of marijuana by individuals of any age. Moreover, as we have previously held, "the Sentencing Guidelines do not exclude drug possession offenses" from a criminal history score. *United States v. Evans*, No. 20-5623, 2021 WL 4963367, at *4 (6th Cir. Oct. 26, 2021) (citing U.S.S.G. § 4A1.2(c)(1)–(2)). By failing to point to any expressly listed offenses that are similar to a prior marijuana possession offense, Malory has failed to meet his burden to show that these convictions should be excluded from his criminal history score.

Even if the Court were to compare Malory's prior marijuana offenses to a MIP, he has still failed to show that the two are similar. The Guidelines Commentary, which both parties accept, suggests that courts should implement a "common sense approach" by considering five factors to determine whether offenses are "similar to" (c)(2)'s enumerated misdemeanors:

(i) a comparison of punishments imposed for the listed and unlisted offenses;

(ii) the perceived seriousness of the offense as indicated by the level of punishment;

(iii) the elements of the offense;

(iv) the level of culpability involved; and

(v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2 cmt. n. 12. Both this Court's prior case law and an analysis of these factors show why Malory's prior marijuana possession offenses are not "similar to" Michigan's MIP statute.

In unpublished opinions considering these factors, we have held that Ohio marijuana possession offenses are not similar to those listed in § 4A1.2(c)(2).[3] *United States v. Collins*, 600 F. App'x 433, 437 (6th Cir. 2015); *United States v. Tatum*, 743 F. App'x 589, 594 (6th Cir. 2018); *United States v. Foster*, 832 F. App'x 401, 407 (6th Cir. 2020). In *Tatum*, the most detailed opinion to consider the issue under *de novo* review and applying the factors listed in the Commentary, the Court rejected defendant's comparison of the possession statute to minor traffic infractions listed in § 4A1.2(c)(2). *Tatum*, 743 F. App'x at 593–94. Although the Court found the potential punishments for the offenses and their perceived seriousness similar, it held that the offense

---

[3] This Court has similarly rejected the exclusion of prior marijuana possession offenses in three other cases without explicitly considering the five factors listed above. *See United States v. Stubblefield*, 265 F.3d 345, 347 (6th Cir. 2001) (stating briefly that "the exceptions set forth in § 4A1.2(c) do not apply" to the Ohio marijuana possession statute, but focusing on other issues on appeal); *Evans*, 2021 WL 4963367, at *4 (holding that prior convictions under Kentucky's marijuana possession statute counted in defendant's criminal history score in ruling on a substantive reasonableness challenge); *United States v. Kennedy*, 493 F. App'x 615, 617 (6th Cir. 2012) (holding that prior marijuana possession offenses were not excludable under § 4A1.2(c)).

elements were too dissimilar and that, as strict liability offenses, the traffic violations carried a lower level of culpability. *Id.*

Malory argues that, because these decisions dealt with a different statute, they are not dispositive here. By contrast, the government argues that the differences between the two statutes tip in its favor because Ohio's marijuana possession statute has a lower range of punishment than Michigan's previous statute. At the time of these decisions, minor misdemeanor possession of marijuana in Ohio was only punishable by a $150 fine and did not appear on an offender's criminal record. *See Tatum*, 743 F. App'x at 593 (citations omitted); *see also* Ohio. Rev. Code. §§ 2925.11(C)(3)(a), 2929.28(A)(2)(a)(v) (2016); *State v. Rasnick*, No. CA2022-11-109, 2023 WL 4552597, at *1 (Ohio Ct. App. July 17, 2023). In this case, Michigan's marijuana possession statute authorizes a year of imprisonment, as well as up to a $2,000 fine. Mich. Comp. Laws § 333.7403(2)(d) (2012). As the government compellingly argues, the fact that Ohio punished marijuana possession less severely than Michigan suggests that, if the Ohio statute was not sufficiently "similar to" offenses listed in § 4A1.2(c)(2), Michigan's statute should not be either.

Applying the factors to Michigan's marijuana possession offense, as a whole, they indicate that Malory's prior offenses under Michigan law are not "similar to" a MIP offense or any of the other listed offenses. For example, comparing the punishments for the two offenses, at the time of Malory's prior convictions, Michigan law authorized a maximum punishment of a $100 fine for a first-time Michigan MIP offense, and up to 30 days in jail and a $200 fine for a second offense. Mich. Comp. Laws § 436.1703(1)(a)–(b) (2012). By contrast, at the time Malory committed the prior possession offenses, he faced a maximum sentence of one year in prison and a $2,000 fine for a first-time offense, Mich. Comp. Laws § 333.7403(2)(d) (2012), and two years' imprisonment and a $4,000 fine for a second offense, *People v. Yarbrough*, No. 352628, 2021 WL 2618141, at

*2 (Mich. Ct. App. June 24, 2021) (citing Mich. Comp. Laws § 333.7413(2)). Malory acknowledges this disparity in punishment but argues that the actual sentences he received for the marijuana possession were within the range of punishments for an MIP. Here, he was sentenced to 30 days' imprisonment for the first marijuana possession offense[4] and he paid $678 in fines and costs for the second offense. But this argument ignores that the MIP statute only authorizes jail time for a second offense when the court finds that the minor had failed to comply with a court order relating to the previous offense, such as violating an order of probation, community service, or treatment, and that Malory's imposed fine of $678 vastly exceeds any authorized fine for a MIP. Mich. Comp. Laws § 436.1703(1)(a)–(b) (2012).

Moreover, although Malory claims that the two offenses have "virtually identical" elements because each requires possession of a prohibited substance, they of course have a significantly different element: a MIP offense requires the offender to be under 21. Def.'s Br., ECF No. 12, 18. As recognized in *Cole*, the "crux" of the similarity between juvenile status offenses and Michigan's MIP statute is that both offenses criminalized acts committed by persons of a certain age that would not be criminalized if the person were over either 18 or 21. *Cole*, 418 F.3d at 600; *see also United States v. Frankovich*, 174 F. App'x 326, 328 n.1 (6th Cir. 2006).

As to culpability, in previous unpublished opinions, this Court has found that crimes that contain an explicit mens rea element carry more culpability than strict liability crimes, such as traffic offenses. *Collins*, 600 F. App'x at 436; *see also Tatum*, 743 F. App'x at 593; *Foster*, 832 F. App'x at 407. Because Michigan's previous marijuana possession statute required knowing or intentional possession of the controlled substance, whereas the MIP statute is silent as to the

---

[4] Malory was also charged and pleaded guilty to the offense of obstruction by disguise after he provided the arresting officer with the wrong name. The 30-day sentence encompassed both charges.

required mens rea, even Malory acknowledges that this difference does not clearly support finding the offenses similar, calling it "a toss up" at worst. *Compare* Mich. Comp. Laws § 333.7403(2)(d) (2012) *with* Mich. Comp. Laws § 436.1703(1)(a) (2012); Def.'s Br., ECF No. 12, 19. However, as the government correctly argues, the Guidelines explicitly exclude juvenile status offenses from a defendant's criminal history score, suggesting that offenses committed by minors involve a lower level of culpability.

Other factors, such as the seriousness of the offenses and recidivism rates associated with the offenses fail to support either party. To be sure, the disparate potential punishments for the two offenses suggest that marijuana possession is a more serious offense. Notwithstanding, Malory argues that, because possession of marijuana up to a certain amount—the amount possessed by him during both offenses—has been legalized in Michigan, the offense is less serious today than a MIP, which remains a misdemeanor. We have not decided whether the seriousness of an offense should be determined by reference to the time of conviction or later federal sentencing, and we need not do so here because other factors indicate a strong lack of similarity.

When assessing the likelihood of recidivism, this Court has acknowledged that "[t]he Sentencing Commission has determined that convictions for crimes involving illegal narcotics correlate strongly to recidivism," *Collins*, 600 F. App'x at 436 (alteration in original) (citing *United States v. Foote*, 705 F.3d 305, 308 (8th Cir. 2013)); however, as Malory correctly notes, many jurisdictions have now legalized or decriminalized possession of a small amount of marijuana, suggesting that at least prior drug offenses for possession of small amounts of marijuana may no longer carry the same risk of recidivism. At the very least, the nature of both offenses suggests that the risk of committing the specific offense again is low. Individuals who are convicted of a MIP will be unable to commit the offense after they turn 21, and individuals who possess a small

amount of marijuana in Michigan are no longer committing a crime. Without more data on the likelihood of recidivism for offenders of either crime, it is difficult to say which party this factor favors. *See id.* (declining to weigh factor five because "we have no data on whether the recidivism rate for minor traffic infractions (such as speeding) is any lower than the recidivism rate for minor misdemeanor possession of marijuana").

Accordingly, under an analysis of the factors and even assuming that a MIP could be used as a comparator offense, marijuana possession is not similar to a MIP because the potential punishments, offense elements, and level of culpability of the two offenses are too dissimilar. More importantly, because Malory fails to compare his prior marijuana offenses to any enumerated offense in § 4A1.2(c)(2), he has failed to show that his prior convictions for marijuana possession should be excluded from his criminal history score, and the district court did not err in including them in his Guidelines calculation.

### 2. Substantive Reasonableness of Sentence

When reviewing a sentence for substantive reasonableness, we determine "if the length of a sentence conforms with the sentencing goals set forth in 18 U.S.C. § 3553(a)" and evaluate "whether the district judge 'abused his discretion in determining that the § 3553(a) factors supported the sentence imposed.'" *United States v. Sherrill*, 972 F.3d 752, 768 (6th Cir. 2020) (quoting *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020)). "Simply put, a defendant's sentence is substantively unreasonable if it is too long," meaning it is "'greater than necessary' to achieve" the goals of the § 3553(a) factors. *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020) (citations omitted). These goals "include the need for the sentence '(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from

further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.'" *Id.* (quoting 18 U.S.C. § 3553(a)(2)).

This Court has found sentences to be substantively unreasonable when "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Moon*, 513 F.3d 527, 543 (6th Cir. 2008) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)) (cleaned up). A sentence within the Guidelines range is presumptively reasonable. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

Malory argues on appeal that the district court imposed a substantively unreasonable sentence because the three points added to his criminal history score—one for a prior offense of driving with a suspended license, and two for his prior marijuana possession offenses— overrepresented his true criminal history score. He contends that this higher criminal history score led to a sentence that was greater than necessary to comply with the § 3553(a) sentencing factors. In this case, the district court properly calculated Malory's Guidelines as 120 to 150 months' imprisonment and sentenced him to a within-Guidelines sentence of 120 months' imprisonment, the statutory maximum. Had the district court not applied the three points to his criminal history score, his Guidelines range would have been 100 to 120 months' imprisonment, and the district court still would have been able to sentence him to a within-Guidelines sentence of 120 months.

"[T]he fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011) (citations omitted). Notably, Malory does not argue

that the district court placed too much weight on his criminal history in sentencing, but merely argues that the criminal history score did not properly reflect his criminal background, leading to too long of a sentence; however, this disagreement is with how the Guidelines calculate a defendant's criminal history score, rather than with any discretion exercised by the district court. Malory cites no case in which this Court reversed a within-Guidelines sentence as substantively unreasonable because the defendant's properly calculated criminal history was too high, resulting in too lengthy a sentence.

By contrast, we recently considered an almost identical challenge and upheld the sentence as substantively reasonable. *Evans*, 2021 WL 4963367, at *4. In *Evans*, the defendant argued that the district court erred by including five criminal history points for misdemeanors that the defendant claimed should have been excluded under § 4A1.2(c)(1) and (c)(2).[5] *Id.* Even though the district court in *Evans* acknowledged that some of the defendant's criminal history points were "a little bit cheap," as they were primarily "traffic-related misdemeanors and situations where [he] got very little time or a suspended sentence," this Court nevertheless found that the sentence imposed was substantively reasonable because the criminal history points counted under the Guidelines, and the district court did not otherwise err in considering the § 3553(a) factors. *Id.* (alteration in original).

On appeal, Malory appears to suggest that the district court should have given some deference to the state courts that sentenced Malory for these prior offenses by declining to use the relatively light sentences imposed by the state courts to increase his punishment for the instant offense. In support, Malory cites a United States Supreme Court case that found that a federal

---

[5] One of these misdemeanors was for possession of marijuana, which this Court found properly was counted towards the defendant's criminal history score because it did not fall under § 4A1.2(c)(1) or (c)(2). *Evans*, 2021 WL 4963367, at *4.

court of appeals should apply deferential review to a federal district court's decision as to whether prior state convictions were consolidated for purposes of calculating a defendant's sentencing Guidelines. *Buford v. United States*, 532 U.S. 59, 64 (2001). Specifically, the Supreme Court found that federal district courts are better poised to determine whether a state court conviction has been effectively consolidated with another because they may have a better understanding of state criminal procedure and because "factual nuance may closely guide the legal decision." *Id.* at 64–65. Without other support, Malory argues that the reasons expressed in *Buford* for applying deferential review to a *federal* district court's decision suggests that the district court in this case should have given special consideration to the *state* sentencing courts' purportedly low sentences for Malory's prior offenses.

To be sure, a state sentencing court will have a better understanding of the facts and circumstances surrounding the nature of a prior state offense; however, this does not mean that a federal district court must defer to the state court's relatively low sentences when determining a defendant's criminal history score when the Guidelines provide that even these relatively low sentences should be counted. In fact, Malory's only cited authority, *Buford*, touts the importance of having the Guidelines' uniform interpretation of state court sentences to provide consistent federal sentences. 532 U.S. at 66. Where, as here, the Guidelines do not exclude certain offenses from a defendant's criminal history score and where the district court properly considered the § 3553(a) factors, it did not commit an abuse of discretion by choosing to follow the Guidelines and sentencing Malory to a within-Guidelines sentence based on a properly calculated criminal history score.

Malory's 120-month sentence was within his Guidelines range of 120 to 150 months. Even if three points had been removed from his criminal history score, his 120-month sentence would

be within a newly calculated range of 100 to 120 months.  He has failed to rebut the presumption that his sentence was substantively reasonable, and, accordingly, the district court did not abuse its discretion in imposing his sentence.

### III.  CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** the judgment of the district court.